CATHERINE THOMPSON, Appellant, *v.* ILLINOIS SURETY COMPANY, Respondent.

First Department, December 1, 1916.

Principal and surety — action on bond given by defendants in action of replevin — presumption as to assessment of damages in replevin action — estoppel by accepting benefits of order — failure of attorney to amend judgment.

Where defendants in an action of replevin gave a bond not shown to comply with sections 1703-1705 of the Code of Civil Procedure to the plaintiff in order to obtain possession of chattels, which had been seized by the sheriff, neither they nor the surety on the bond can question the authority of the court to make the order for the return of the property to the defendants.

Although the defendants were copartners, and at the time the bond was given one of them had not been expressly named as a party defendant, it is immaterial where the final judgment in replevin awarded a recovery against both partners.

The plaintiff in the replevin action, having recovered therein with damages, can recover against the surety on the bond, and it is no defense that the judgment in the replevin action failed to recite that the damages were assessed and the value of the property fixed by a verdict of the jury, if there was no such condition in the bond.

Moreover, where the judgment recites that a jury was impaneled; that the plaintiff proved her cause of action; that the defendant failed to appear, and that the court directed a verdict for the plaintiff, it will be presumed that the damages and value of the property were properly assessed.

The plaintiff in an action on a replevin bond is not precluded from reviewing a dismissal of the complaint because her attorney, having withdrawn a juror at the suggestion of the court in order to amend the judgment in the replevin action so as to show that the jury had fixed the damages, etc., afterwards continued the action without the amendment, deeming it to be unnecessary.

Moreover, such omission in the judgment in replevin was a mere irregularity and can be attacked only by a direct application by a party to the action in which the judgment was rendered.

APPEAL by the plaintiff, Catherine Thompson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 19th day of January, 1916, upon a dismissal of the complaint on the pleadings at the opening, and also from the order dismissing the complaint.

*Edward Herrmann* [*George D. Zahm* with him on the brief], for the appellant.

*L. Laflin Kellogg,* for the respondent.

LAUGHLIN, J.:

The action is brought on a bond given by the defendant on the 6th day of March, 1914, in a replevin action brought by the plaintiff against Frank T. Thompson and Charles A. Collins, doing business under the firm name and style of Fidelity Storage Warehouse Company. A requisition in replevin was duly issued in that action on the 5th day of December, 1913, and pursuant thereto the sheriff on the 10th day of December, 1913, took certain chattels from the possession of the defendants and made a return to the requisition on the eleventh day of December. The record shows that an order was made by the Special Term on the 28th day of February, 1914, on motion of the defendants in the replevin action, presumably for the return of the property; but that fact does not expressly appear. The order granted the motion and directed that the plaintiff immediately redeliver the property to the sheriff and that the sheriff

keep it in his possession or under his control and deliver it to the defendants in the replevin action upon their delivering to him " a satisfactory bond in the penal sum of Six thousand ($6,000) Dollars within ten (10) days after the entry of this order, unless the parties in the meanwhile stipulate to let the property remain in storage pending the entry of a final judgment in this action, in which event the said sheriff shall restore the property in the warehouse, where the same is now stored in the name of the defendant, Frank T. Thompson, and deliver the receipt therefor to " his attorney, " and if the parties do not enter into such a stipulation and the defendant Thompson does not furnish the required bond within the time provided, then the said sheriff of the county of New York is hereby directed to deliver the said property to the plaintiff upon a bond heretofore filed by her which shall remain in full force and effect." The making of the order is alleged in the amended complaint, and it is further therein alleged that pursuant thereto the defendants in the replevin action caused the bond executed by the defendant herein, a copy of which is annexed to the amended complaint, to be delivered to the sheriff, and that thereupon in compliance with the provisions of the order the plaintiff redelivered the property to the sheriff and the sheriff delivered it to the defendants in the replevin action, and that on the 22d day of April, 1915, the plaintiff duly recovered a judgment, a copy of which is annexed to and made a part of the amended complaint, in the replevin action, said judgment providing for the return of the property, together with the sum of $750 damages and the further sum of $225 interest, and it was further provided in the judgment that in the event that possession of the property was not given to the plaintiff she should recover from the defendants the sum of $3,975, together with $115.02, her costs as taxed, making a total of $4,090.02, and that she have execution therefor. The motion for the dismissal of the complaint was made upon the ground that it contained no allegation that the sureties justified or that the bond was approved as required by the provisions of the Code of Civil Procedure in replevin actions, and that the judgment did not conform to the requirements of the Code of Civil Procedure in that it did not show

that the damages had been assessed, and that the value of the property at the time of the trial had not been fixed by the jury as provided by section 1726 of the Code of Civil Procedure.

When this cause was first reached for trial a like motion for the dismissal of the complaint was made and the court announced that the complaint would be dismissed unless plaintiff withdrew a juror with a view to making an application at Special Term to amend the judgment so as to show that the verdict of the jury fixed the damages and the value of the chattels replevined as required by said section 1726 of the Code of Civil Procedure. It appears from the record herein that counsel for the plaintiff at that time was of opinion that it might be necessary to have the judgment amended for he accepted the suggestion of the court and was allowed to withdraw a juror. On further reflection, however, he came to the conclusion that no motion was necessary and he again brought the action to trial with the result that the motion for the dismissal of the complaint was granted. I fail to see how the failure of the plaintiff's attorney to exercise the privilege theretofore granted by the court precludes his client from reviewing the dismissal of the complaint.

It is contended in support of the judgment that the *bond* given by the defendant is, in effect, an undertaking given pursuant to the provisions of section 1704 of the Code of Civil Procedure. Section 1703 of said Code provides that the defendant in a replevin action, if he does not require a return of the chattel replevied, may serve upon the sheriff within three days after the chattels are replevied a notice that he excepts to the sureties and that if he fails so to do he shall be deemed to have waived all objections to them. Section 1704, so far as material to the decision of the question here presented, provides that the defendant in the replevin action, if he does not except to the sureties, may within the time allowed therefor serve upon the sheriff notice that he requires a return of the chattels, but that with the notice he must deliver to the sheriff, among other things, an undertaking, executed by at least two sureties to the effect that they are bound, in a specific sum not less than twice the value of the chattels as stated in the affidavit of the plaintiff, for the delivery of the chattels to the plain-

tiff if delivery thereof is adjudged and for the payment of any sum which the judgment awards against the defendant, and that within three days thereafter the defendant must serve upon the plaintiff's attorney notice of the justification of the sureties. Section 1705 regulates the proceedings on the justification of the sureties and by reference to the provisions of law regulating the justification of bail requires that upon the examination and qualification of the sureties the judge before whom the justification is had shall annex the examination to the undertaking and indorse his allowance thereon; and that after the allowance the undertaking and examination of the sureties must be delivered to the sheriff. There is nothing in this record to show that the bond given by the defendant was intended as a statutory undertaking pursuant to those provisions of the Code of Civil Procedure, or that the defendants were entitled, as matter of right, to a return of the property pursuant to those provisions of law at the time they made the motion for the order pursuant to which the property was redelivered and pursuant to which the bond was given. The affidavits upon which the motion was made are not in the record. It is not material to consider whether or not the court was authorized to make the order. It is sufficient that the order was made and that it was accepted by the defendants in the replevin action, and that by virtue of it and upon giving the bond executed by the defendant the property was redelivered to them. They and their sureties are, therefore, precluded from questioning the authority of the court. They agreed as a condition of receiving the benefits of the order to give the bond, and the defendant at their request executed it, and thereby undertook to pay to the plaintiff "any sum which the judgment awards against the defendant, Frank T. Thompson." At that time Collins had not been expressly named as a party defendant; but that is immaterial inasmuch as the judgment awards the recovery against both Thompson and Collins. Recovery, therefore, has been had strictly in accordance with the provisions of the bond.

There is no force in the contention that plaintiff cannot recover on the judgment in the replevin action owing to the fact that it fails to recite that the damages were assessed and

the value of the property fixed by a verdict of the jury. There is no such condition in the defendant's bond. It is recited in the judgment that a jury was duly impaneled and that the plaintiff made proof of her cause of action, and that the defendants failed to appear, and that a verdict in favor of the plaintiff was directed by the court. That implies that due proof of the damages and of the value of the property was made, and that the evidence being undisputed there was no question of fact to be determined by the jury. It is, therefore, unnecessary to express an opinion as to whether the proper practice requires that the judgment should so recite, for if that be so, the omission is a mere irregularity, and it must be presumed until the judgment is attacked by a direct application by a party to the action that it was properly entered. It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SCOTT, DOWLING and PAGE, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.